The testator John Hullcin, by will, after devising’his real estate to his two daughters, Mary and Susanna, and their heirs forever, to be divided equally in value, directed his personal estate to be appraised and divided into four equal parts, which he particularly disposes of. The question in this case is upon the following clause: “■ and the remaining other fourth part, \v iih the increase, I gi ve, devise and bequeath to my .second daughter Susanna, the use of, during her life; and at her death, I give, devise and bequeath the same to the heirs of her body, and to her heirs and assigns forever.” It has been contended for defendant that the limitation over was void, as being too remote, for the use of the property being /'iron for life, and at her death to the heirs of her body, and to her heirs and assigns forever, the absolute estate vested in her; the last words to her heirs and assigns enlarging the es-fate lor life given to her, and extending the limitation over to a dying without issue generally, which the law will not ^ ° ° - ^ allow in the bequest of personal estate, as being too remote and tending to apcrpetuifcy. The question respecting the limitation over of personal property after the death of the first taker, where it is confined to a life or lives in be-iug, or twenty-one years after, has been so repeatedly de-temined to be good, that one would suppose it would hardly be again agitated; and the only possibility of a doubt that could arise in this case is, what construction should be given to the words “ and to her heirs and assigns.” In order to form a right judgment, and make the true construction, we must resort to the intention of testator, as expressed in all the parts of bis will: his *354 meaning must be collected from tbe will itself, by attending to the several parts of it, by considering and cornpar-ing them together; not by an arbitrary construction, but a vi°lent and strong presumption arising from tbe several parts. Now it is manifest that the testator intended an equal distribution of his whole estate real and personal (after some few legacies) between his two daughters; for in the first part of his will, where he disposes of his lands, he directs an equal distribution in value to be made between his two daughters; and when he comes to bequeath bis personal estate, the same disposition is equally apparent. One fourth part he gives to each of his daughters absolutely, and in the fourth that he gives for life, he appears to be equally solicitous to make provision for their children. In the bequest to his daughter Mary, he has given it to her for life, and at her death to the heirs of her body and to their heirs forever. In the bequest to bis daughter Susanna, immediately subsequent, he has used the same words, with this difference only, that the word her is put instead of the word their, •which is a palpable mistake; for if it should be construed her, the provision which ho intended for her children would be totally defeated, by enlarging the estate in Susanna, and vesting the same absolutely in her. And that lie could not intend to do so is also further evident, by another clause ip the will, where he disposes of that fourth paid bequeathed to the heirs of the body, to the survivor of his two daughters (in case either of them died under age or unmarried) for life, and at her death to the heirs of her body, and their heirs and assigns forever. That courts of equity have the power of correcting mistakes which are plain and manifest, in order to give effect to the testator’s intentions, wiiere such intentions are not inconsistent with the rules of lawr, cannot be doubted. They frequently transpose words in a will, and sometimes have construed the word or into and, and viceversa, where it is evident that such was the testator’s meaning, and that without suck construction his intention woidd be frustrated — and in the case of Guerard rs. Guerard, where the testator made a double provision for Isaac and none, at all for Jacob, the *355 Mistake was so grossly apparent that the point was given ap.
*354 MARCH, 1794.
*355 Upon a review of the whole will, and comparing the several devises and bequests to the daughters with each other, it is obviously the meaning and intention of the testator to place them on an equal footing, and likewise to make some provision for their children after their deaths. AYe arc therefore of opinion that to give effect to his intentions the word her should be construed their. In so doing every clause of the will will have its due operation, and a contrary construction would totally defeat the intention of the testator.
As that part of the personal estate which came to the possession of complainant’s husband has never been sub divided agreeable t.o the will, in order to ascertain the ■ fourth that Mr. Keith became entitled to on marriage, decreed that be appointed commissioners to divide the same into two equal parts or shares; one of which shares to be retained by complainant for her use during life, and at lier death to go to the heirs of her body, agreeable to tlié will of testator; and the other parí is to be considered as belonging to the estate of her deceased husband, and be disposed of accordingly, being liable to his debts: and that defendant do pay the costs of this suit.